IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHINYERE UZOUKWU                   :
                                    :
     v.                             :   Civil Action No. DKC 12-3228
                                    :
PRINCE GEORGE'S COMMUNITY           :
  COLLEGE BOARD OF                  :
  TRUSTEES, et al.

**MEMORANDUM OPINION AND ORDER**

*Pro se* Plaintiff Chinyere Uzoukwu commenced this action on August 9, 2012, by filing a fifteen-count complaint in the Circuit Court for Prince George's County, Maryland, against numerous defendants. (ECF No. 2). On November 2, 2012, Defendant University of Maryland College Park timely removed to this court and indicated in its notice of removal that Defendants Calvin Smith, Harold Gist, Rodney Byrd (together, "the Individual Defendants"), and AMEX International, Inc. ("AMEX") had not yet been served. (ECF No. 1 ¶ 7).

On January 9, 2013, Plaintiff filed an amended complaint. (ECF No. 20). On January 15, the court instructed the Clerk to issue summonses as to the Individual Defendants and AMEX, and ordered Plaintiff to effect service promptly and file proof thereof. (ECF No. 21). On January 28, the Clerk issued the summonses as instructed. (ECF No. 24).

On May 24, 2013, Plaintiff filed a declaration averring that she effected service on AMEX. (ECF No. 31).[1] That same day, Plaintiff filed a motion seeking a re-issuance of the summonses for the Individual Defendants, as well as an extension of time in which to effect "alternate service" upon the Individual Defendants. (ECF No. 32). Plaintiff states that, despite being unemployed and without any source of income since March 2003, she diligently searched for a non-party to assist with service. Plaintiff indicates that she contacted legal aid organizations seeking counsel who could assist with either service or representation, but was unsuccessful on both fronts. Plaintiff represents, however, that as of April 26, 2013, she "obtained resources to effect service through a process server and via mail and proceeded to do so." (*Id.* at 1).

Despite this assistance, Plaintiff concedes that none of the three Individual Defendants has been properly served. According to Plaintiff, her hired process server informed her (1) that the address on the summons for Mr. Byrd was incorrect and (2) that Mr. Gist "has evaded service on at least five (5) attempts since May 2, 2013." (*Id.* at 2). Plaintiff also represents that "counsel for Calvin L. Smith informed [the

---

[1] AMEX has not yet answered or otherwise responded to Plaintiff's amended complaint.

process server] that she is not authorized to accept service for Smith in this action." (*Id.*). Plaintiff does not indicate whether the process server she hired ever attempted to serve Mr. Smith directly.

Plaintiff fails to submit any affidavit from the process server supporting her assertions. Instead, she attaches an email she sent to an individual with Capitol Process Servers on May 21, 2013, to request an "Affidavit of Non-Service/Incorrect Address" for filing (ECF No. 32-1) and states that she will supplement her motion with an affidavit as soon as she receives it (ECF No. 32, at 2 n.1). To date, Plaintiff has not filed any such affidavit.

Plaintiff contends that dismissal of the Individual Defendants under these circumstances would be a "harsh sanction" because the statutes of limitations governing her claims have run. (*Id.* at 2). Plaintiff maintains that her efforts to effect service, combined with her *pro se* status and her economic troubles, establish good cause for re-issuing the summonses and for granting Plaintiff an additional 120 days for service. Although it is not entirely clear from her motion, Plaintiff also appears to request that the court order service of each of the Individual Defendants by regular mail at their home addresses in Maryland or, in the case of Mr. Gist, at either his

3

home address or an alternate address, both of which are in the District of Columbia.

Rule 4(m) of the Federal Rules of Civil Procedure states that "[i]f a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Where a defendant in a state court action has not been served prior to removal, "Rule 4(m)'s 120-day period for service begins to run on the date of removal." *Eccles v. Nat'l Semiconductor Corp.*, 10 F.Supp.2d 514, 519 (D.Md. 1998); *cf.* Fed.R.Civ.P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court."). If a plaintiff "shows good cause for the failure" to comply with the 120-day deadline, Rule 4(m) provides that the time for service must be extended for "an appropriate period."

To establish good cause, the plaintiff generally must exercise reasonable diligence in trying to effect service. *Burns & Russell Co. of Balt. v. Oldcastle, Inc.*, 166 F.Supp.2d 432, 439 n.9 (D.Md. 2001). Good cause may be found, for example, where a defendant is evading service; where the plaintiff experienced difficulty in obtaining a defendant's proper address; where court staff misdirected a *pro se* plaintiff

4

as to the appropriate procedure for service; or where a plaintiff was unaware of the defect in service until after the deadline expired. *Hoffman v. Balt. Police Dep't*, 379 F.Supp.2d 778, 786 (D.Md. 2005). The common thread in all of these examples is that the interference of some outside factor prevented the otherwise-diligent plaintiff from complying with the rule. *See Burns*, 166 F.Supp.2d at 439 n.9.

By contrast, the *pro se* status of a plaintiff – without more – is typically "insufficient to establish good cause, even where the *pro se* plaintiff mistakenly believes that service was made properly." *Hansan v. Fairfax Cnty. Sch. Bd.*, 405 F.App'x 793, 793 (4th Cir. 2010) (unpublished table decision). Additionally, "[t]he good cause inquiry . . . implicates the reason for failure to effect service, not the severity of the consequences." *Tenenbaum v. PNC Bank Nat'l Ass'n*, No. DKC-10-2215, 2011 WL 2038550, at *5 (D.Md. May 24, 2011) (internal quotation marks omitted). Thus, "it is of no moment that the statute of limitations may pose a barrier to a new complaint . . . ." *Id.*

Despite Rule 4(m)'s express reference to "good cause," there continues to be some uncertainty in the Fourth Circuit as to whether a district court has discretion to grant an extension in the absence of good cause. *See, e.g.*, *Tenenbaum*, 2011 WL

2038550, at *3-4 (summarizing split of authority); *Lehner v. CVS Pharmacy*, Civ. No. RWT-08-1170, 2010 WL 610755, at *2 (D.Md. Feb. 17, 2010) (same). Some decisions, relying on the Fourth Circuit's ruling in *Mendez v. Elliot*, 45 F.3d 75 (4th Cir. 1995), hold that a showing of good cause is mandatory. *See, e.g.*, *Chen v. Mayor & City Council of Balt.*, --- F.R.D. ----, No. GLR-11-3227, 2013 WL 680597, at *4 (D.Md. Feb. 22, 2013) (collecting the "recent groundswell of cases affirming the import of the good cause requirement announced in *Mendez*"); *Knott v. Atl. Bingo Supply, Inc.*, No. JFM-05-1747, 2005 WL 3593743, at *1 & n.1 (D.Md. Dec. 22, 2005) (characterizing Fourth Circuit precedent as "requir[ing] a showing of good cause").[2] Other cases, relying on the Advisory Committee Notes to Rule 4(m) and *dicta* from *Henderson v. United States*, 517 U.S. 654, 662 (1996), hold that *Mendez* is no longer good law. *See, e.g.*, *Hammad v. Tate Access Floors, Inc.*, 31 F.Supp.2d 524, 526 (D.Md. 1999);

---

[2] The *Knott* court additionally held that, where – as here – a plaintiff does not seek an extension of time for service until after the expiration of the 120-day period established by Rule 4(m), he must also meet the "demanding standard" of showing that the delay resulted from "excusable neglect" within the meaning of Rule 6(b). *Knott*, 2005 WL 3593743, at *1; *see also* Fed.R.Civ.P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect.").

*Melton v. Tyco Valves & Controls, Inc.*, 211 F.R.D. 288, 289-90 (D.Md. 2002). Still other decisions hold that, even if good cause is not required, the plaintiff must still show a "reasoned basis" for the extension. *Hoffman*, 379 F.Supp.2d at 786.

Where a plaintiff belatedly seeks an extension of the 120-day service period, there typically is no opportunity for adversarial briefing regarding "the question of timely compliance with Rule 4(m)" or the proper standard(s) that should apply to the plaintiff's request. *Omega U.S. Ins., Inc. v. Pa. Nat'l Mut. Cas. Ins. Co.*, No. ELH-11-2297, 2012 WL 115422, at *5 (D.Md. Jan. 13, 2012) (contrasting a plaintiff's unopposed response to a show cause order with a defendant's fully briefed motion to dismiss for insufficient service of process). In such circumstances, it may be appropriate to grant an extension (1) without deciding whether the plaintiff has shown good cause or a "reasoned basis" for the extension; and (2) without prejudice to the defendant's right to seek vacatur of the extension as improvidently granted after service is effectuated. *See id.; Hai Xu v. FMS Fin. Solutions, LLC*, Civ. No. ELH-10-3196, 2011 WL 2144592, at *3 (D.Md. May 31, 2011).

Thus, although it is not clear that Plaintiff can demonstrate good cause under Rule 4(m) as to each of the

Individual Defendants,[3] an extension of the service period can be granted without deciding the issue. Plaintiff will be directed to serve the Individual Defendants within ninety (90) days and to file proof of service promptly thereafter. This extension will be without prejudice to the Individual Defendants' ability to challenge the extension as improvidently granted within twenty-one (21) days of service of the amended complaint and summons.

As to Plaintiff's request for "alternate service," Rule 4(e)(1) provides, in pertinent part, that an individual defendant may be served "pursuant to the law of the state in which the district court is located." Maryland Rule 2–121(c), in turn, provides that when presented with an affidavit stating

---

[3] Plaintiff's explanation for her failure to serve Mr. Gist – *i.e.*, that he has evaded service on at least five occasions – is the type of explanation that can establish good cause under Rule 4(m), although it appears that Plaintiff did not even begin attempting to serve Mr. Gist until May 2, 2013, well after the expiration of the 120-day period. Likewise, Plaintiff's apparent difficulty in locating an accurate address for Mr. Byrd could potentially establish good cause, although Plaintiff does not provide any explanation of her efforts to locate an accurate address. Without these types of details and without any sworn statements from either Plaintiff or her hired process server, it is difficult to conclude that Plaintiff did indeed act diligently in attempting to serve Mr. Gist and Mr. Byrd in a timely manner. There is even less support in the current record for reaching such a conclusion as to Mr. Smith because the refusal of a defendant's attorney to accept service on her client's behalf generally does not constitute good cause.

that good faith efforts to serve an individual defendant in accordance with Maryland Rule 2-121(a) have failed and that service under Maryland Rule 2-121(b) is impracticable, "the court may order any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice."[4]

Here, Plaintiff has not offered any sworn affidavits detailing that the methods of service provided for in Maryland Rule 2-121(a) have failed, or that service under Maryland Rule 2-121(b) would be impracticable. The conclusory statements she offers in her unsworn motion are simply not enough to justify an

---

[4] Maryland Rule 2-121(a) allows an individual to be served "within this State, or when authorized by the law of this State, outside of this State" in one of three ways: (1) by delivering to the person a copy of the summons and complaint; (2) by leaving a copy of the summons and complaint at "the individual's dwelling house or usual place of abode with a resident of suitable age and discretion"; or (3) by mailing the individual a copy of the summons and complaint *via* "certified mail, requesting 'Restricted Delivery – show to whom, date, address of delivery.'" Maryland Rule 2-121(a) further provides that "[s]ervice outside of the State may also be made in the manner prescribed by the court or prescribed by the foreign jurisdiction if reasonably calculated to give actual notice."

Maryland Rule 2-121(b) establishes that, where "proof is made by affidavit that a defendant has acted to evade service," the court can order the plaintiff to effect service by (1) mailing a copy of the summons and complaint to the individual's last known residence and (2) delivering a copy of the summons and complaint to a person of suitable age and discretion at the place of business of the defendant.

9

alternative method of service at this juncture. Additionally, it is not actually clear what form of alternate service Plaintiff is requesting, making it impossible to determine whether the method she proposes is "reasonably calculated to give actual notice" to the Individual Defendants. Thus, although Plaintiff will be granted an extension of time in which to effect service, her request for "alternate service" will be denied.

Accordingly, it is this 17th day of June, 2013, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Clerk shall re-issue the summonses for Defendants Rodney Byrd; Harold J. Gist; and Calvin L. Smith, as requested by Plaintiff;

2. Plaintiff will have ninety (90) days from the date of reissuance to effect service;

3. This Order is entered without prejudice to the rights of Mr. Byrd, Mr. Gist, and Mr. Smith to move, within twenty-one (21) days of service of the summons and amended complaint, to vacate the extension as improvidently granted and to seek dismissal of Plaintiff's claims pursuant to Fed.R.Civ.P. 12(b)(5); and

4. The clerk will transmit copies of this Memorandum Opinion and Order to counsel for the parties.

                                                            /s/
                                Deborah K. Chasanow
                                United States District Judge